**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

O

JS - 6

**CIVIL MINUTES - GENERAL**

Case No. SA CV 11-1177 DOC (FFMx)                  Date: November 16, 2011

Title: EMILIO L. NUNEZ V. RICOH AMERICAS CORPORATION AND DOES 1-100

DOCKET ENTRY
    [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                               Date:_____ Deputy Clerk: _____

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                            NONE PRESENT

PROCEEDING (IN CHAMBERS): PLAINTIFF'S MOTION TO REMAND CASE TO ORANGE COUNTY SUPERIOR COURT

       Before the Court is Plaintiff Emelio L. Nunez, on behalf of himself and all others similarly situated, (collectively, "Plaintiffs")' Motion to Remand to Superior Court of California (Docket 10) ("Motion to Remand"). The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. After considering the moving, opposing and replying papers thereon, the Court GRANTS the Motion to Remand.

       **I.    Background**

       Plaintiffs are current and former employees of Defendant Ricoh Americas Corporation ("Defendant" or "Ricoh"). Class Action Complaint (Docket 6, Exh. A) ("Compl.") ¶ 1. Plaintiffs allege that during employment with Defendant Ricoh, Plaintiffs were: (1) required to work more than eight hours per day or more than forty hours per week without overtime compensation; (2) were required to work during their lunches and/or work in excess of five or ten hours without being provided with the minimum meal period; (3) were not provided with rest periods for every four hours they have

worked; and (4) were not paid wages due and owing after termination or resignation. *Id*. at ¶ 7.

On October 26, 2010, Plaintiff filed suit against Defendant Ricoh in Orange County Superior Court, alleging: (1) failure to pay hourly and overtime wages; (2) failure to provide rest and meal periods or compensation in lieu thereof; (3) failure to timely pay wages; (4) knowing and intentional failure to comply with itemized employee wage statement provisions; and (5) violations of the unfair competition laws of California. Defendant Ricoh subsequently removed the action to this Court on December 29, 2010. Reply to Defendant's Opposition to Plaintiff's Motion to Remand ("Reply") 6. On January 3, 2011, Defendant amended its Notice of Removal ("ANR"). *Id*. On January 4, 2011, Plaintiffs filed its First Amended Complaint ("FAC"), adding a new cause of action against Defendant Ricoh for violation of the Labor Code Private Attorney General Act (Cal. Labor Code § 2699 *et seq*.) ("PAGA"). *Id*. Two months later, on March 3, 2011, this Court remanded the case back to state court. *Id*. On July 6, Plaintiff served his responses to Defendant's discovery requests. Second Notice of Removal ("SNR") 3. Thirty days later, on August 5, 2011, Defendant filed its SNR on the grounds that new facts came to light in the discovery responses which established the jurisdictional requirement under CAFA. *Id*. Subsequently, Plaintiffs filed the instant Motion to Remand on September 6, 2011. Plaintiff's Notice of Motion and Motion for Remand ("Motion to Remand") 1.

## II.     Legal Standard

Remand may be ordered for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c). Removal of state actions is allowed only if the plaintiff could have originally filed the action in federal court. *See* 28 U.S.C. § 1441. The party seeking removal bears the burden of establishing federal jurisdiction. *See Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). Furthermore, courts construe the removal statute strictly against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If there is any doubt as to the right of removal in the first instance, remand must be ordered. *See id.*

Pursuant to the Class Action Fairness Act ("CAFA"), federal diversity jurisdiction is established in an action where "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which– (A) any member of a class of plaintiffs is a citizen of a State different from any defendant; (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state." 28 U.S.C. § 1332(d).

When remand is requested on the basis of a failure to satisfy the amount in controversy requirement, there is a "strong presumption" that plaintiff has not claimed an amount sufficient to confer jurisdiction. *Gaus*, 980 F.2d at 566. In cases where the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of the evidence that

the amount in controversy requirement has been met. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (finding that defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds the federal jurisdictional threshold).

### III. Discussion

#### A. Defendant's Removal Based On The FAC Is Untimely

Plaintiffs first move to remand the instant case to the Orange County Superior Court on the grounds that Defendant's removal based on the FAC was untimely. Defendant contends that removal was timely because the amount in controversy was determined to meet the jurisdictional requirement only after this case was remanded and Plaintiffs served their discovery responses on July 6, 2011. Second Notice of Removal ("SNR") 3.

Where, as here, a case has already been remanded, the Ninth Circuit has held that the action must return to state court and the parties must conduct jurisdictional discovery. *Abrego Abrego v. Dow Chemical*, 443 F.3d 676, 691 (9th Cir. 2006). When such discovery yields facts that were not available on the face of the complaint, the later-discovered facts may be used to remove again. *Id.*; *see also Mattel Inc. v. Bryant*, 441 F. Supp. 2d 1081, 1089 (C.D. Cal. 2005) (Carter, J.) (second notice of removal proper if "the plaintiff after remand discloses that the amount in controversy is greater than the statutory amount in controversy").

A defendant may remove a case to federal court within thirty days of receiving an amended pleading or other "paper" from which it may be ascertained that the case is or has become removable.[1] *See* 28 U.S.C. § 1446(b); *Harris v. Bankers Life and Casualty Co.*, 425 F.3d 689, 692 (9th Cir. 2005) (internal quotations omitted). Such papers include an interrogatory and request for admission. *Lillard v. Joint Med. Products*, No. C 94-3699 SC ENE, 1995 WL 20609, at *3 (N.D. Cal. 1995).

Defendant previously removed this case to this Court on December 29, 2010, and this Court remanded because Defendant could not show jurisdiction. Reply 6. Defendant now advances two arguments that the present notice of removal is timely. Specifically, the Defendant avers that the amount in controversy now meets removal requirements of CAFA, shown by either: (1) Plaintiff's addition of a new claim with new calculations on January 4, 2011, before this Court remanded the case; or (2) Plaintiff's denials in response to Defendant's requests for admissions on July 6, 2011.

---

[1] There are two separate thirty-day windows during which a defendant may remove a case to federal court. The first of these windows, laid out clearly by statute, covers the first thirty days after the defendant receives the initial pleading. 28 U.S.C. § 1446(b); *see also Harris v. Bankers Life and Casualty Co.*, 425 F.3d 689, 692 (9th Cir. 2005).

### 1. Plaintiff's addition of a new claim on January 4, 2011

The Court finds that Defendant became aware of removability when the Plaintiff amended its FAC on January 4, 2011, to add a claim under the Labor Code Private Attorney General Act (Cal. Labor Code § 2699 *et seq.*) ("PAGA").

On January 4, 2011, Plaintiffs properly added their PAGA claim and thus, if this claim is indeed a basis for removal, Defendant could have ascertained that the amount in controversy was satisfied on January 4, 2011.[2] Defendant, however, failed to bring a second notice of removal within thirty days of Plaintiff's addition of the PAGA claim. Instead, Defendant filed its notice of removal based on the PAGA claim, on August 5, 2011 - nearly seven months after the FAC was filed.

As such, to the extent that Defendant's removal is based on Plaintiff's PAGA claim, Plaintiffs' motion to remand is GRANTED.

### 2. Plaintiff's denials in response to Defendant's requests for admissions on July 6, 2011

Plaintiffs' original Complaint included first and second causes of action for unpaid wages and meal/rest periods, respectively. As both Plaintiffs and Defendant observe, however, this document did not make clear on its face the amount in controversy. Because Plaintiffs' responses to Defendant's discovery requests may constitute later-discovered facts that allow a defendant to remove an action a second time. If Plaintiffs' responses are, in fact, later-discovered facts, Defendant's second removal would be timely on such grounds. As such, the Court must determine whether Plaintiffs' responses to Defendant's requests for admissions qualify as later-discovered facts.

### B. Defendant Does Not Provide Any New Facts Or New Grounds For Its Second Removal

The Court concludes that Plaintiff's denials do not constitute new facts or grounds sufficient to support Defendant's motion for removal.

Where, as here, the complaint does not specifically state an amount in controversy on its

---

[2]Based on Defendant's calculations, Plaintiffs' PAGA claim places at least $4,980,000 in controversy. Defendant's Opposition to Plaintiff's Motion to Remand ("Opp'n") 12. This figure, added to other claims presented to and accepted by the Court, would have placed the amount in controversy over $5,000,000 and would have therefore established the jurisdictional requirement.

face, the removing party bears the burden of proving "by a preponderance of the evidence" that the amount in controversy requirement has been met. *See Singer*, 116 F.3d at 376. To meet this burden, the removing party must provide "underlying facts supporting its assertion" that the amount in controversy exceeds the statutory requirement. *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citing *Gaus*, 980 F.2d at 567). Such underlying facts may found in affidavits, declarations, and other "summary-judgment-type evidence relevant to the amount in controversy at the time of removal . . . ." *Id.* at 1205.

Because Plaintiff has not expressly pled a specific amount in controversy, Defendant must prove by a preponderance of evidence that the amount in controversy is met. *See Singer*, 116 F.3d at 376. Since Defendant has previously attempted to remove this action, Defendant must now prove that, after the initial remand, Plaintiff disclosed that the amount in controversy exceeds the requisite $5,000,000. *Mattel,* 441 F. Supp. 2d at 1089. The Court finds that Defendant has failed to satisfy this requirement.

Defendant argues that the amount in controversy is now met because Plaintiff denied Defendant's request for admission that "less than one unpaid hour of work" and "less than one missed meal or rest period" are at issue for each work week Plaintiff, *in an individual capacity*, worked for Defendant. Notice of Removal Ex. G at 2. As Plaintiff points out, Defendant has tried to take Plaintiff's *individual* denial and apply it to the putative *class* in order to meet the $5,000,000 threshold. Motion to Remand 7-8; Opp'n 10. However, such application is improper, without additional proof that Plaintiff's individual amounts of work can be extrapolated to the putative class.

In fact, Plaintiff's responses to the putative class do not support removal. Notice of Removal Ex. F at 2-3; *Id.* Ex. G at 2. Plaintiff objected to each request for admission pertaining to the putative class. *Id*. From the plain text of the Federal Rule of Civil Procedure governing requests for admissions, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection . . . ." Fed. R. Civ. P. 36(a)(3). Thus, Plaintiff's objection to the requests relevant to the putative class cannot be considered an admission.

Thus, by relying only on Plaintiff's denials regarding his hours worked in his indivial capacity, Defendant also fails to establish the requisite jurisdictional amount in controversy of $5,000,000.[3]

---

[3] Relying upon the formula provided by Defendant, the Court finds that Plaintiff's individual admissions amount to a relatively small change of $7,410. In arguing that the admissions applied to the putative class, Defendant relied on the following formula for calculating the amount in controversy: "500 employeyss X 52 weeks X 4.75 years X 2 unpaid hours X 15.00 per hour." Opp'n 10. This calculation resulted in an amount of $3,705,000. *Id*. The Court, in determining its calculation, simply divided by 500 to

Accordingly, Plaintiffs' Motion to Remand on the ground that Defendant cannot meet the jurisdictional requirement under CAFA is GRANTED.

### IV.   Disposition

For the foregoing reasons, the Court GRANTS Plaintiffs' Motion to Remand.  The Court ORDERS that this case be remanded to the Orange County Superior Court.

The Clerk shall serve this minute order on all parties to the action.

---

determine the amount in controversy for a single employee.